Donald K. Brown, Jr., Paducah, Ky., counsel for Bert Hayden, creditor and plaintiff.

Thomas H. Bugg, Clinton, Ky., counsel for debtors.

**In re Sharman Hayden BOOKER, Nancy Gupton Hayden, Debtors.**

**Bankruptcy Nos. 76–0255–P, 76–0254–P.**

United States Bankruptcy Court, W.D. Kentucky.

Aug. 23, 1982.

MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on motion of the debtors, by counsel, seeking to reopen the respective bankruptcy cases to permit the amendment of schedules to list a previously unlisted creditor, and thereafter to have the debt so listed declared to be dischargeable. A hearing on the issue was held on August 18, 1982, at which time the Court entertained oral argument of counsel.

Counsel for the debtors has conceded that the claim in question was unliquidated and nondischargeable at the time of the filing of the petitions in bankruptcy on November 30, 1976, and that the creditor was not listed in the schedules. Under the provisions of the Bankruptcy Act of 1898, and amendments thereto, the debt would be nondischargeable. See § 57d, 11 U.S.C. § 93(d) and § 17a(3), 11 U.S.C. § 35(a)(3). However, debtors' counsel contends that under the Bankruptcy Reform Act of 1978, the debt would be dischargeable, and thus current substantive law should be applied to this claim after the allowance of amendment to the schedules of these 1976 bankruptcy cases.

The Bankruptcy Reform Act was enacted on November 6, 1978, and had an effective date of October 1, 1979. Section 403 of the Act of November 6, 1978, states in pertinent part:

(a) A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted, and the substantive rights of parties in connection with any such bankruptcy case, matter, or proceeding shall continue to be governed by the law applicable to such case, matter, or proceeding as if the Act had not been enacted. § 403(a), P.L. 95–598.

While it may be accurate to state that amendments to schedules are to be liberally allowed, in the instant situation the granting of the amendment would be a useless act since the ultimate relief sought (i.e., the application of current substantive law to cases filed before October 1, 1979) must be denied as a matter of law.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, R.B.P.

The Court having considered the respective positions of counsel, the pertinent statutory authority, and being otherwise sufficiently advised,

IT IS ORDERED AND ADJUDGED that the debtors' motion to reopen the case to amend the schedules be and is denied. This is a final order.